## W. D. CLEVELAND v. M. A. SIMPSON ET AL.

### No. 6710.

**Execution Sale.**—A purchaser at execution sale when the execution issues in the name of one only of a partnership, and under a judgment in favor of the firm, acquires no title.

APPEAL from Hill. Tried below before Hon. J. M. Hall.
The opinion discloses the case.

*Jones & Kendall* and *McKinnon & Carleton*, for appellant.—When an execution in favor of W. D. Cleveland and against Dyer & Driggs and H. L. Dyer was issued upon a judgment in favor of W. D. Cleveland & Co., a firm composed of W. D. Cleveland and C. Lombardi, and against Dyer & Driggs and H. L. Dyer, and in all other respects cor-

responded to the judgment, and was proved by the clerk of the court in which the judgment was procured to have emanated from that judgment, such a variance makes the execution merely voidable and not void, and therefore not subject to collateral attack. Smith v. Chenault, 48 Texas, 455; Wyche v. Clapp, 43 Texas, 546; Battle v. Guedry, 58 Texas, 114; Alexander v. Miller, 18 Texas, 896; Portis v. Parker, 8 Texas, 26; Fitch v. Boyer, 51 Texas, 345; Owen v. Navasota, 44 Texas, 522; Freem. on Ex., sec. 43, note, p. 68; Herm. on Ex., secs. 62–66; Durham v. Heaton, 81 Am. Dec., 275; Swiggart v. Harber, 39 Am. Dec., 418; McCullom v. Hubbert, 48 Am. Dec., 56; Jennings v. Carter, 20 Am. Dec., 635; Graham v. Price, 13 Am. Dec., 199.

*V. H. & Thos. Ivy,* for appellee Simpson. —1. An execution showing upon its face to be issued under a judgment in favor of a single individual alone is not supported by and therefore not admissible in evidence under a judgment in favor of a partnership firm composed of more than one member. Rev. Stats., art. 2281; Battle v. Guedry, 58 Texas, 111; Criswell v. Ragsdale, 18 Texas, 443.

2. A sheriff's deed to land sold under execution is not admissible in evidence when the same purports upon its face to be executed by virtue of authority of a writ of execution in favor of an individual plaintiff alone, when the writ of execution is in fact in the name of such individual alone, and the judgment offered by plaintiff in support of same is a judgment in favor of a partnership composed of more than one member.

HENRY, ASSOCIATE JUDGE.—This was an action of trespass to try title brought by appellant. The defendant pleaded "not guilty." The cause was tried by the court without a jury.

The conclusions of fact filed by the court show that the plaintiff deraigned his title to the premises as follows: W. D. Cleveland and C. Lombardi, composing the firm of W. D. Cleveland & Co., recovered in the District Court of Hill County a judgment for money against Dyer & Driggs and H. L. Dyer.

Execution upon the judgment was issued in the name of W. D. Cleveland alone, and levied upon the property in controversy, pursuant to which it was sold by the sheriff and deeded to plaintiff. The execution was not authorized by the judgment, and the sale and deed made under it can not be sustained. Rev. Stats., art. 2281; Battle v. Guedry, 58 Texas, 111; Criswell v. Ragsdale, 18 Texas, 443.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 29, 1890.