JOHN E. OWENS v. THOMAS CLARK.

No. 3264.

78  547
82  576

**1.  Execution, Form of.**—Where the judgment creditor has sold the judgment the unauthorized insertion in the execution of the words *for the use of his vendee* should be treated as surplusage.

**2.  Trial of Right of Property—Parties.**—Where a levy is made under an execution upon a judgment transferred by the plaintiff to another, while the statute, in case the property is claimed by another, requires that the cause shall be docketed in name of the plaintiff, the owner of the judgment should be allowed to prosecute the case for the trial of the right to the property for his own use.

**3.  Purchaser from an Insolvent Debtor.**—If the debt of the claimant was an honest one and he bought no more property than was sufficient to pay it, he had a perfect right to make the purchase, notwithstanding the insolvency of the debtor, even if it were his purpose to evade payment of other debts and such purpose was known to the claimant.

**4.  Sale of Personal Property Without Delivery.**—Where there is undisputed testimony to a completed sale without delivery of personal property, it was error to charge that delivery was necessary to pass title.  See charge held error.

**5.  Same—Case Adhered to.**—Cleveland v. Williams, 29 Texas, 209, adhered to—that if the seller make a proposition and the buyer accept it, and the goods are in the possession of the seller and nothing remains to be done to identify them or in any way to prepare them for delivery, the sale is complete and the property in the goods passes at once.

**6.  Same—Fact Case.**—See facts held to evidence a completed sale of cotton at a gin without delivery.

APPEAL from Van Zandt.  Tried below before Hon. Felix J. McCord.
The facts are sufficiently stated in the opinion.

*Kearby & Greer*, for appellant.—1.  It is a good delivery of chattels for the owner and vendor to instruct a bailee who holds property for him that he has sold the property and to hold the same for the account and subject to the order of his vendee and purchaser, and especially is this true when the bailee accepts the change.  Davis v. Beason, 77 Texas, 604; Floege v. Wiedner, 77 Texas, 311; Anderson & Galbreath v. Levison, 1 Ct. App. C. C., sec. 927; Railway v. Lanham, 1 Ct. App. C. C., sec. 251.

2.  Where the evidence is sufficient and uncontradicted to establish a fact, and the court charges the jury that if such facts are proven you will find for the party proving them, then the jury has no right to disregard the instruction.  Zapp v. Michaelis, 58 Texas, 275; Railway v. Schmidt, 61 Texas, 286; McAfee v. Robertson, 41 Texas, 357; Cox v. Miller, 54 Texas, 16; Greenleve, Block & Co. v. Blum, 59 Texas, 124; Traylor v. Townsend, 61 Texas, 144; Stoddard v. Martin, 3 Ct. App. C. C., sec. 88; Redus v. Burnett, 59 Texas, 576; Thompson & Obeinstine v. Hervey, 2 Ct. App. C. C., secs. 506, 507.

*J. G. Russell* and *R. M. Lively*, for appellee.—1.  It was not necessary prior to the act of July 6, 1889, that the sale of a judgment for

money only should be evidenced by a written transfer, but a parol assignment of such a judgment will pass title to it and clothe the purchaser of it with every right to enforce it which the original owner had.    Rev. Stats., art. 2464; Ford v. Stewart, 19 Johns., 342; Becton v. Ferguson, 22 Ala., 599; Freem. on Judg., sec. 422.

2.    In a trial of the right of property suit the claimant will not be heard to assert the dormancy of the judgment under which the levy was made. Parker v. Portis, 22 Texas, 699; Meader Co. v. Aringdale, 58 Texas, 447; Livingstone v. Wright, 68 Texas, 706.

3.    There was no question concerning delivery as an element of sale in this case.    The gist of the issue was, did Rose sell the cotton to Owens before the levy of appellee's execution, and if so, was the sale within the denunciation of article 2465 of the Revised Statutes?    We deem it a useless delay to consume the time of the court in the discussion of what character of delivery is necessary to constitute a valid sale of personal property, and we submit that the charge of the court was sufficient in this respect.    The court charged the jury as follows:    "The title to personal property passes by delivery, either actual or constructive, and what would be a delivery must be governed by the character of the property sold and the custom of trade with regard to the sale and delivery of such property."    Allen & Bros. v. Melton, 64 Texas, 218; 1 Ct. App. C. C., secs. 269, 270, 699, 1168; Morgan v. Taylor, 32 Texas, 363; Benj. on Sales, sec. 675, note d.

4.    A sale made by a debtor with intent to hinder, delay, or defraud his creditors is void, if the purchaser knew that to be the intent of the debtor or was apprised of circumstances sufficient to put a man of ordinary prudence upon inquiry as to such intent, and this principle is unaffected by the fact that the buyer had no fraudulent intent and paid full value for the property.    Traylor v. Townsend, 61 Texas, 144; Blum v. Simpson, 66 Texas, 84; Blum v. Simpson, 71 Texas, 628; Blum v. McBride, 69 Texas, 60.

HENRY, Associate Justice.—On the 14th day of October, 1887, J. B. Wallace recovered a moneyed judgment in the District Court of Van Zandt County against J. E. Rose.    The judgment was sold to Thomas Clark, the appellee, but no written transfer of it seems to have been made.

An execution was sued out within twelve months from the date of the judgment, and returned credited with $50.

On the 19th day of December, 1888, another execution in the form of an original was issued upon the judgment, expressed upon its face to be "for the use of Tom Clark."

This execution was returned with an endorsement showing that on the 21st day of December, 1888, it was levied on twenty-seven bales of lint cotton of the value of $45 per bale.

John E. Owens, the appellant, made a claimant's affidavit and gave bond for the trial of the right of property in the cotton levied upon.

The issues tendered by the claimant were that he had purchased the cotton from the defendant in execution and paid him for it before the writ was levied upon it, and a denial of the validity of the levy, because there existed no authority for issuing the writ for the use of Clark, and because the writ showed on its face that it was issued on a dormant judgment.

The plaintiff, in reply, alleged that he was the owner of the judgment, and that the cotton was when it was levied upon the property of Rose, the defendant in execution; that the said Rose was and had long been insolvent, and that if he in fact did transfer said cotton to the claimant it was done with the intent to defraud his creditors, of which the claimant had notice.

The evidence showed that the cotton in controversy was purchased by Rose with money borrowed by him for that purpose from the claimant; that Rose was indebted to the claimant for the money; that Rose was insolvent; that the cotton in controversy had on it the private mark of Rose, and was lying with some other bales belonging to him in the cotton yard of one Kellam, in the town of Wills Point; that on the day before the levy was made the agent of Rose sold to the claimant the whole of the cotton owned by Rose then in Kellam's cotton yard.   The authority of the agent to make the sale was proved, the price of the cotton was fixed, and the proceeds amounted to only enough to pay the indebtedness of Rose to the purchaser.

The proprietor of the yard in which the cotton was stored was notified of the sale before the levy was made.

No evidence was introduced even tending to disprove the amount or honesty of the indebtedness of Rose to the claimant, or that the claimant had any other intent in purchasing the cotton than to secure the payment of his debt.   The claimant knew of the insolvency of Rose when he furnished him the money with which to buy the cotton and when he purchased the cotton to pay the indebtedness.   The price of the cotton was paid by crediting Rose with it in satisfaction of his indebtedness to the claimant.

Upon the verdict of a jury judgment was rendered against the claimant for the value of the cotton and for interest and damages.

Strictly speaking the clerk does not seem to have had authority to issue the execution for the use of Clark.   It was his duty to follow the directions of the judgment in that respect.   Upon a purchaser showing proper authority, it would have been his duty to issue the execution upon his demand, and it would have been proper for the officer to whom it was directed to follow his instructions in collecting it and to pay the proceeds over to him.

The evidence shows, without controversy, that Clark had purchased

and was the owner of the judgment. The unauthorized insertion in the execution of words showing that it was for his (Clark's) use should be treated as surplusage and disregarded.

The statute directs that in trials of right of property the case shall be docketed in the name of the plaintiff in the writ as plaintiff. That direction should be followed.

If the purchaser of the judgment produces authority from the plaintiff to prosecute the action in his name, he should be permitted to do so. In the absence of such technical authority, he should be permitted to have the cause docketed in the name of the plaintiff for his use, and upon proof of his purchase of the judgment he should be recognized as the proper plaintiff in the cause.

We can not see that any substantial right of the claimant has in this case been defeated by the method of procedure that was adopted. If he establishes his claim to the property in controversy he will retain his possession of it. If he does not do so, it, or its value, will go into the hands of the officer who holds the execution for collection, and it will be his duty, not the claimant's, to determine who is entitled to receive the money collected by him.

We deem it unnecessary to consider in detail all of the assignments of error. By them the correctness of the charge of the court and the sufficiency of the evidence to sustain the verdict of the jury are put in issue.

If the debt of the claimant was an honest one and he bought no more property than was sufficient to pay it, he had a perfect right to make the purchase, notwithstanding the insolvency of Rose, even if the purpose of Rose was to evade the payment of other debts and such purpose was known to the claimant. Levy v. Fischl, 65 Texas, 311; Iglehart v. Willis, 58 Texas, 306.

With regard to the charge given by the court, without intending to be understood as approving other parts of it as applied to the facts of this case, we think the following clause was calculated to mislead the jury and may have been the cause of the erroneous verdict that was returned :

" The title to personal property passes by delivery, either actual or constructive, and what would be a delivery must be governed by the character of the property sold and the custom of trade with regard to the sale and delivery of such property."

Abstractly considered, the charge is correct. No doubt the property would pass to the purchaser under the circumstances mentioned, but the jury may have understood from it that a delivery was necessary to make the title pass. The defendant requested a charge upon the point more applicable to the evidence than the one given, which was refused. If it had been necessary for the defendant to prove a delivery under the circumstances of this case, the charge requested should have been given. The correct rule upon the facts of this case was stated by this court in the case of Cleveland v. Williams, 29 Texas, 209, as follows :

"By the common law, if the seller make a proposition and the buyer accept, and the goods are in the possession of the seller and nothing remains to be done to identify them or in any way prepare them for delivery, the sale is complete and the property in the goods passes at once."

In the same opinion the following extract is quoted with approval from 2 Kent's Commentaries, 496:

"Where everything is done by the seller as to a parcel of the quantity sold to put the goods in a deliverable state, the property and consequently the risk passes to the buyer; and as to so much as requires further acts to be done on the part of the seller, the property and the risk remain with the seller."

In this case the whole of the cotton belonging to Rose in Kellam's cotton yard was sold to the claimant and the price was agreed upon. Nothing remained to be done to designate or distinguish the thing sold or to prepare it for delivery.

The court should have charged the jury that under that state of facts the property in the cotton passed to the claimant without delivery.

If, however, it had been necessary for a delivery to be made, the written order given by the seller to the buyer upon the warehouseman was such a delivery, and the jury should have been so instructed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 5, 1890.