CALVIN THAXTON V. TEMPLE D. SMITH.

Decided April 12, 1897.

1. Assignment or Mortgage.

See instrument held to be an assignment for benefit of creditors and not a mortgage, though attempting to create preferences and providing for return of surplus. (Tittle v. Van Leer, 89 Texas, 174.) (Pp. 592 to 595.)

2. Assignment—Death of Assignor.

The death of one who has made an assignment of his property for the benefit of his creditors does not make it necessary to proceed against his estate, an administration on which would not affect the title vested in the trustee; and such trustee, or a substitute properly appointed by court, could maintain an action to recover the land assigned from a creditor who had purchased it at execution sale after the assignment. (Pp. 595, 596.)

3. Same—Decree of Court—Effect.

When the assignee under such instrument brought suit in the District Court to settle the rights of the parties thereunder, in which, after the death of the assignor, such instrument was adjudged between the assignee and creditors to be a trust deed and the preferences were sustained, such decree could not affect the character of title vested in the assignee nor prevent his maintaining such suit. (P. 596.)

ERROR to Court of Civil Appeals, Third District, in an appeal from McCulloch County.

The suit was brought by Thaxton, a trustee substituted by order of court for the original assignee, to recover land assigned and remove cloud from title occasioned by sheriff's deed to Smith, the defendant. The latter had judgment; plaintiff appealed; the judgment was affirmed, and he obtained writ of error from the Supreme Court.

*Walter Anderson* and *A. W. Moursund,* for plaintiff in error.—Trustee is entitled to possession of property, and may maintain suit for same, especially where trust deed invests him with title and possession. Lerch v. Snyder, 2 Texas Civ. App., 421; Givens v. Davenport, 8 Texas, 451; 27 Am. and Eng. Encycl. Law, 126, 140, 153, 154; 1 Sedgwick and Wait, on Trial of Title to Land, 222; Alliance Milling Co. v. Eaton, 33 S. W. Rep., 588.

Trustee appointed by court of competent jurisdiction has all the powers given original trustee, and deriving his power from appointment by court, it is not abrogated by death of grantor in trust deed. Givens v. Davenport, 8 Texas, 451; Gamble v. Dabney, 20 Texas, 69; Buchanan v. Hart, 31 Texas, 648; 26 Am. and Eng. Encycl. Law, 882; 27 Am. and Eng. Encycl. Law, 85, 151.

All parties to a suit are bound by the judgment therein rendered, and defendant Smith, being a party to the suit in which plaintiff Thaxton was appointed trustee, is estopped from denying the validity of this appointment and the powers thereby conferred on plaintiff Thaxton, especially as C. Crosby died prior to such appointment, and the effect of his death on the powers and duties of the trustee, could and should have been litigated in that suit. 1 Greenleaf, Ev., sec. 534; Lee v. Kingsbury,

13 Texas, 70; Darragh v. Kauffman, 2 Posey's U. C., 97; Overstreet v. Root, 84 Texas, 26; Foster v. Wells, 4 Texas, 101.

At the time defendant Smith's attachment was levied on the land in controversy, Crosby had no title thereto and was not entitled to possession thereof, having conveyed both title and possession to J. A. Gamel as trustee, and the trust having been accepted, as well by the trustee as by a number of the beneficiaries, and defendant Smith as plaintiff in attachment and purchaser, with full notice of pending suit involving validity and effect of trust deed, acquired no greater interest in the land than Crosby had at time of levy.

Defendant Smith having purchased whatever reversionary interest was left in Crosby after his conveyance to Gamel, Crosby's administrator could not administer; Crosby having no interest none could pass to administrator. Willis v. Thompson, 85 Texas, 301; Punchard v. Delk, 55 Texas, 304; Blankenship v. Douglas, 26 Texas, 225.

The trust deed became operative and lien vested under same as soon as trustee and any one of beneficiaries had accepted. Willis v. Thompson, 85 Texas, 301.

One who acquires a judgment or attachment lien, although without notice, is not regarded in the light of a purchaser, nor entitled to preference over prior equities. If he afterwards with notice purchase upon foreclosure of lien he only acquires such title as defendant in attachment had. Blankenship v. Douglas, 26 Texas, 225.

In equity all the relief necessary will be granted whether specifically prayed for or not. Under prayer for general relief plaintiff may be awarded the relief warranted by the averments and proof, although he may have made special prayer for particular relief, and notwithstanding he may have mistaken his relief by special prayer. Hipp v. Huchett, 4 Texas, 20; Voigtlander v. Brotze, 59 Texas, 286; Lee v. Boutwell, 44 Texas, 151; Grabenheimer v. Blum, 63 Texas, 369.

The power created or conferred by the trust deed, coupled with an interest as it is, was not revoked by the death of the grantor. 26 Am. and Eng. Encycl. Law, 875, note 2 and authorities; Arambula v. Sullivan, 80 Texas, 615; Witt v. Harlan, 66 Texas, 661.

The estate of a trustee is commensurate with the powers conferred by the trust. Whatever estate is needed to effectuate the settler's intention in creating the trust, even to a fee simple, the trustee acquires it, and we submit that the deed of trust in question conveyed all the estate both legal and equitable which the grantor Crosby had, construing it from the language used in it and from the nature and purposes of the instrument. The trustee in this character of trust being entitled to the possession of the property, has the exclusive power to sue for its recovery, and it is his duty to use the same diligence with regard to the property that any ordinarily prudent man would use in the management, preservation and control of his own property. 27 Am. and Eng. Encycl. Law, 282 and note 4 and authorities cited, 111 to 117, and notes and authorities cited, 145, 146, 154 to 156; Lerch v. Snyder, 2 Texas Civ. App., 421;

Givens v. Davenport, 8 Texas, 451; Perry on Trusts, sec. 596; Willis v. Thompson, 85 Texas, 301.

*Fisher & Townes,* for defendant in error.—The instrument executed by Crosby to Gammel on March 19, 1892, and under which the appellants claim, is a deed of trust securing, or undertaking to secure, certain debts therein specified. This security was but an incident to the debt, and the title to the property remained in the grantor, Crosby. The powers conferred upon the trustee in said instrument were not such as under our probate laws survived the death of Crosby, but, upon his, Crosby's, death, the authority of Gammel to act under said instrument independently of the proper court terminated. Const. Texas, art. 5, secs. 8 and 16; Rev. Stats. (1895), arts. 1840, 2046, 2053, 2063, 2068, 2072, 2076 to 2080, 2082, 2083, 2085, 2090, 2091 to 2094, 2112 to 2114, 2121 to 2140; Robertson v. Paul, 16 Texas, 475; Cunningham v. Taylor, 20 Texas, 129; McMiller v. Butler, 20 Texas, 404; Buchanan v. Monroe, 22 Texas, 537; Giddings v. Crosby, 24 Texas, 299; McLane v. Paschal, 47 Texas, 369; Blackwell v. Barnett, 52 Texas, 333; Jackson v. Harby, 65 Texas, 710; Aggs v. Shackleford County, 85 Texas, 149.

Where a debtor conveys his property to a trustee under a deed of trust for the purpose of securing his creditors and dies prior to the sale of said property by such trustee, the execution of such trust by the trustee is thereby cut off, and the debts secured by such deed of trust must be collected through the Probate Court in due order of administration by means of an administrator or an executor. In such case the District Court has no jurisdiction to enforce the collection of such debts by process issued directly from it to the sheriff or by means of a trustee appointed by it. See former authorities; also Chandler v. Burdett, 20 Texas, 44; Rogers v. Harrison, 44 Texas, 171; Porter v. Sweeney, 61 Texas, 214; Jenkins v. Cain, 72 Texas, 90; Smithwick v. Kelly, 79 Texas, 576.

If there is any dispute between the respective creditors and the administrator as to the amount or justness of any debt secured by such instrument or among the different creditors as to the priorities or preferences of the liens created by such instrument, such questions can be settled in the District Court in suits to which the administrator or executor is a party, but the judgment rendered in such court must be certified to the proper Probate Court for observance. The District Court cannot subject the assets of the estate to the payment of such claims either directly, by means of process issued to the sheriff, or indirectly by the appointment of a trustee of its own selection to execute the deed of trust. The District Court has no jurisdiction over such subject matter (the enforcement of collection of debts due from an estate) and any effort on its part to so force payment from the estate is not voidable merely but absolutely void. The appointment of Thaxton by the District Court of Mason County as substitute trustee, after the death of Crosby the trustor is absolutely null and conferred no authority on him. Same authorities.

The judgment of a court as to a subject matter over which it has no jurisdiction is absolutely void and is subject to collateral attack. See former authorities, and 12 Am. & Eng. Encycl. Law, 311, and cases cited in note 4.

If the judgment of .the District Court of Mason County in declaring the nature of the instrument executed by Crosby to Gammel and the rights and priorities of the creditors named therein can be maintained, still so much of said judgment as undertakes to carry out and enforce and execute said deed of trust and its provisions by means of a trustee appointed by the District Court, and not through due course of administration in the Probate Court, is absolutely void, because the District Court had no jurisdiction of this subject matter, to-wit, the enforcement of the collection of debts due from the estate of a decedent. Consent could not give jurisdiction over such subject matter. See former authorities, and on the effect of transcending jurisdiction in the judgment: Stewart v. Anderson, 70 Texas, 588; Boswell's Lessee v. Otis, 9 Howard (U. S.), 346; Windsor v. McVeigh, 93 U. S., 282; Rosenbaum v. Bouer, 7 Sup. Ct. Rep., 633; Re Ida Louisa Pierce, 44 Wis., 411; Bowley v. Shunder, 105 Pa. St., 173; Spoors v. Coen (Ohio), 9 N. E. Rep., 132. That consent cannot give jurisdiction over subject matter, see 12 Am. & Eng. Encycl. Law, 301, and cases cited in note 1.

DENMAN, ASSOCIATE JUSTICE.—C. Crosby, being insolvent, on the 19th day of March, 1892, duly executed an instrument in writing in substance as follows:

"State of Texas,

   "County of Mason.

"I, C. Crosby, have this day and do by these presents grant, bargain,. sell and convey unto J. A. Gamel, his heirs and assigns forever all the following real and personal property, to-wit:" (Here follows specific and general description sufficient to include all property owned by C. Crosby wherever situated, except property exempt from forced sale under the laws of this State.) "This conveyance, however, in trust for the following purposes—that is to say, the said C. Crosby is justly indebted to the following named persons in the sums and amounts named:" (Here follows a long list of creditors and amounts due each.) "The said J. A. Gamel is hereby authorized and empowered to take immediate possession of every and all of the property herein conveyed, both real and personal, and the title and possession of all of such property is hereby fully vested in him the said J. A. Gamel, and the said J. A. Gamel is hereby authorized to sell and dispose of all of said property. The said J. A. Gamel shall pay or cause to be paid to the person or persons owning and holding the claims against me in the manner and in the order as follows:" (Here follows list of creditors classified as first, second and third class, with provisions as to the order in which each should be paid out of the proceeds of the sale of the property, said three classes being preferred over all other creditors.) "The said J. A. Gamel shall then with

the proceeds of the sale and disposal of said property here conveyed remaining in his hands after the payment of all the foregoing claims in said class 1, 2 and 3 mentioned pay off and satisfy each and all other and further of my just debts, and in the event there shall not be sufficient remaining in his hands to pay all such debts remaining, then he shall pay the same pro rata, and the property remaining in the hands of the said Gamel shall then be returned to me or my order.     C. Crosby."

On the 18th day of May, 1892, defendant in error, Temple D. Smith, one of the preferred creditors in said instrument, having one claim in the first and two in the third class, sued said Crosby and another in the District Court of Gillespie County and caused an attachment to be issued and levied June 13, 1892, on the lands involved in this suit.     On November 4, 1892, an order of sale was issued on a judgment rendered in that suit, foreclosing the attachment lien, and executed December 6, 1892, by selling said lands, among others, to said Smith for $1033.95, which was credited on said judgment, and thereupon the sheriff executing the order of sale conveyed the lands so sold to Smith by deed dated December 6, 1892.

At some time prior to September 10, 1892, the exact date not being shown by the record, J. A. Gamel instituted a suit in the District Court of Mason County "against C. Crosby, Temple D. Smith, L. Kneese, Louis Priess, and practically all the creditors named in the trust deed of C. Crosby to J. A. Gamel made March 19, 1892, and other creditors not named in the trust deed   *   *   *   wherein the trustee asked for judgment determining the rights of all of the defendants as creditors of said Crosby and in what order they should be paid, and the duties and powers of the trustee."     C. Crosby having died about March or April, 1893, insolvent, leaving no property subject to debts other than that conveyed to Gamel, a decree was rendered in said cause on October 8, 1893, dismissing the suit as to C. Crosby, and then, after reciting that the cause came on to be heard on the petition alleging the executing of said instrument from Crosby to Gamel and the answer of Temple D. Smith alleging that the same was fraudulent and void, and the answer of the First National Bank of Beeville alleging that same was a general assignment, adjudging and decreeing that the instrument was not fraudulent, but was a "valid conveyance of the property therein mentioned to said J. A. Gamel as trustee for the benefit of the creditors therein mentioned, and the trust therein created is a valid and existing trust to be carried out according to the tenor and effect of said instrument, and the same is here decreed and declared to be a deed of trust conveying the property therein named to said Gamel in trust, the proceeds of the sale of which to be applied to the payment of debts owing by said C. Crosby therein mentioned, in the order and with the preferences therein set forth, and the further hearing of this cause is set for a future day in this court."     In the same cause, on the 12th of October, 1893, a decree was entered reciting the resignation of the trustee J. A. Gamel and appointing plaintiff in error Calvin Thaxton trustee, in lieu and place of J. A. Gamel, to

carry out said trust in accordance with the terms of said trust deed made by C. Crosby to J. A. Gamel March 19th, 1892, and the decree of the court in this case construing the same.

On the first day of November, 1895, Calvin Thaxton, claiming under said instrument from Crosby to Gamel and the decree appointing him substitute trustee, brought this suit against Temple D. Smith, in the District Court of McCulloch County, to recover possession of certain lands included in said instrument from Crosby to Gamel and in said sheriff's deed to Smith, and asking a cancellation of the sheriff's deed as a cloud upon his title as trustee. On the trial defendant answered by general denial, plea of not guilty, and certain special answers not necessary to notice. On the trial, upon proof of the facts above stated and that all the claims secured by said instrument from Crosby to Gamel had not been paid, judgment was rendered that plaintiff take nothing by his suit. Thaxton having appealed to the Court of Civil Appeals, assigning as error the action of the trial court "in adjudging that plaintiff Thaxton as trustee take nothing by this suit, and in not decreeing that said Thaxton as trustee was entitled to possession of the land described in plaintiff's petition," and the Court of Civil Appeals having affirmed the judgment of the court below, he has brought the case to this court upon writ of error, assigning as error the action of the Court of Civil Appeals in overruling his assignment.

It appears from the opinion of the Court of Civil Appeals, which sets out the facts more fully than we have deemed necessary to an understanding of the questions we shall discuss, that they affirmed the judgment upon the theory that when Crosby died insolvent the authority of the trustee terminated and the jurisdiction of the District Court of Mason County was at an end, and therefore its subsequent decrees above set out were void, and the creditors had no means of subjecting the trust property to their claims other than through an administration upon Crosby's estate in the Probate Court. Thaxton v. Smith, 38 S. W. Rep., 820.

The first question presented for our consideration is whether the instrument executed by Crosby was a mortgage or trust deed in the nature of a mortgage, or an assignment. Any one reasonably familiar with the decisions can easily draft an instrument in such unambiguous terms that no doubt could arise as to which of the two classes it belongs. But it often happens that, by the use of language inaptly chosen to express the intent, or by the insertion of numerous ill considered provisions intended to control the disposition of the fund, serious difficulty is encountered in determining the true character of the instrument. In Tittle v. Vanleer, 34 S. W. Rep., 715, 89 Texas, 174, after a careful consideration of the subject with a view of ascertaining the correct rule of law whereby it may be determined to which class a given instrument belongs, we said: "We conclude, from the above authorities, that, in determining the question as to whether a given instrument belongs to one class or the other, the court will be governed by the legal intent of the grantor, as expressed in

the·language used therein, when read, in a proper case, in the light of the circumstances surrounding its execution; and where it appears from the face of the instrument, so read, that the intention of the grantor, therein expressed, was merely to charge the property therein described with a preference lien, either as a security or as a means of immediate payment of certain debt or debts therein specified, such instrument must be held a mortgage or deed of trust in the nature of a mortgage; but where, in addition to such intention, there also appears, from the face thereof, an intent to thereby divest the grantor of, and vest in the grantee, all title and interest in the property for the purpose of providing for the immediate payment of such debt or debts, the instrument must be held an assignment. If only the first intention appears, a condition of defeasance will, as a matter of law, be implied, and the instrument read as if such condition were written therein; but, if the second intent also so appears, no such condition will be implied." ` Tested by this rule, we are of the opinion that the instrument before us is an assignment. By it the insolvent transferred all of his property, except such as was exempt from forced sale under the laws of this State, to be sold and the proceeds to be applied to the payment of all his debts; the title thereto was expressly vested in the trustee, upon whom was also conferred the power of distributing the surplus of the proceeds of sale, remaining after paying off classes 1, 2 and 3, among such persons as he in the first instance might determine to be holders of just claims against Crosby, a doubt is expressed as to there being funds sufficient to pay this latter class in full, with which is coupled a direction, in such event, to pay to them such surplus pro rata; and there is no condition of defeasance. From all these we think it clearly appears that there was "an intent to thereby divest the grantor of, and vest in the grantee, all title and interest in the property, for the purpose of providing for the immediate payment of" the insolvent's debts, notwithstanding the fact that there ·appears on ·the face of the instrument some circumstances indicative of a contrary intent, such as the attempt to create preferences and the provision for the return of surplus. The instrument being an assignment, the title was thereby divested out of Crosby and vested in Gamel, and therefore Smith acquired no title as against Gamel by virtue of his subsequent execution sale. As to whether he acquired any as against Crosby we need not determine. Chase v. York Co. Sav. Bank, 36 S. W. Rep., 406.

The assignment having effectuated the lawful intent of the assignor of divesting himself of and vesting in the assignee "all title and interest in the property for the purpose of providing for the immediate payment of" the debts, Crosby thereafter had only the right to insist upon the due execution of the trust and to have the trustee account and reconvey any possible surplus, the creditors were compelled to look to the assignee and not to Crosby for the appropriation of the property to the satisfaction of their claims, and any legal proceeding to bring about that result must have been against the former. The death of Crosby, in

whom there was no title, could not have made it necessary to proceed against his estate, for he had, by his voluntary lawful act, placed the property beyond his own reach and that of all claiming under him, whether as representatives or heirs, in trust for the payment of his debts,. and an administration on his estate would not have reached the title vested in the trustee.   Caton v. Mosely, 25 Texas, 375;  Dwight v. Over-- ton, 35 Texas, 390;  Gurley v. Ward, 37 Texas, 21;  Tittle v. Vanleer, supra, and authorities cited, and same case, 29 S. W. Rep., 1065.   It re- sults that Gamel, had he not resigned and had the suit in Mason County not been brought, could have maintained this action against Smith for a recovery of the land and cancellation of the cloud cast upon his title as. assignee by the sheriff's deed.

We must now determine the effect of said decrees of the District Court of Mason County in so far as they bear upon the right of Thaxton to maintain this action.   The object of the suit was merely to determine· whether Gamel in the distribution of the fund should observe the pro- visions of the instrument creating preferences.   The fact that the court erroneously determined that question, while it may be a complete pro- tection to the assignee who has distributed according to such unreversed decree, did not in any way change the character of title vested in the as- signee or reinvest Crosby with any interest parted with by him by the execution of the instrument.   In fact, if that had been one of the objects of the suit it could not have been accomplished by the decree, for it was. dismissed as to Crosby before the decree was entered, leaving only the assignee and the creditors to determine the question of preferences.   Since· the decree of October 8, 1893, did not affect the character of title vested in Gamel by the assignment, we are of opinion that it did not in the least impair his right to have maintained this action against Smith, though in determining the question of preferences the court erroneously considered the instrument as a trust deed and not as an assignment.   Gamel having resigned his trust before the decree of October 12, 1893, and the court having thereby appointed Thaxton in his place, the latter by virtue of· art. 84, Rev. Stats., was invested with "the same powers" as the former had been, and therefore could institute and maintain this action.

It results from the above, that the judgments of the Court of Civil Appeals and District Court must be reversed and judgment here ren- dered for Thaxton for the title and possession of the land in controversy and for cancellation of said sheriff's deed as a cloud on the title and for· all costs.

*Reversed and rendered.*