### NEWMAN v. CLEMENT et al.
### No. 7951.

Court of Civil Appeals of Texas. Austin.
April 25, 1934.

Byron Skelton and Edgar Cale, both of Temple, for plaintiff in error.

J. B. Talley, of Temple, for defendants in error.

BLAIR, Justice.

The parties will be designated appellant and appellees.

R. S. Clement sued appellant, Max Newman, alleging that Newman executed to him, as assignee for the benefit of Newman's creditors, a written assignment of all his property not exempt from execution, including a $252.49 cash surrender value of two policies of insurance issued by the Bankers' Reserve Life Company, on the life of Newman, a bachelor, which the insurance company refused to pay, because Newman claimed same was not included in the assignment. By an amended original petition, appellee F. C. Thomson, as substitute assignee for Clement under appointment of the county judge of Bell county, alleged that at the time the assignment was executed Newman represented to Clement that he had borrowed all of the cash surrender value of the two policies; but that in fact the policies had a cash surrender value of $252.49 in excess of the loans made to Newman, which was included in the assignment.

Newman's defense was that prior to the assignment Clement knowingly and falsely represented that the cash surrender value of the policies of insurance was not included in nor affected by the assignment, for the two-fold purpose of (a) preventing appellant from taking bankruptcy; and (b) of securing the policies for the benefit of creditors; that he would not have made the assignment but for said false representations; that he was injured thereby; and that the assignee and substitute assignee were estopped to claim that the cash surrender value of the policies was included in the assignment.

The insurance company intervened, alleging that the cash surrender value of the policies was $252.49; and prayed that the court determine to whom it should pay said amount.

The jury found (1) that Clement did not knowingly and falsely represent to Newman that the cash surrender value of the policies would not be affected by the assignment; and (2) that appellant, Newman, suffered no injury by reason of the assignment. Judgment was accordingly rendered for the assignee; hence this appeal.

The court refused to admit in evidence the application of a creditor of Newman for the appointment of Thomson as substitute assignee, and particularly the allegation that "R. S. Clement failed to execute a bond as such assignee and to qualify as assignee of said Max Newman."

Appellant contends that this application was admissible as evidence tending to show that Clement "never filed a bond or qualified as assignee * * * and has, therefore, no authority to institute this suit."

Aside from the fact that this allegation was a conclusion of the pleader, involving a mixed question of law and fact, and was made by a creditor of Newman's, who is not a party to this suit, the undisputed evidence showed that Clement, as assignee, had the authority to bring this suit even though he had not executed the bond required of him.

Newman executed, acknowledged, and delivered the written assignment to Clement of all his property not exempt from execution, and delivered the keys to the store and the books showing the inventory of the business, together with the names, addresses, and amounts due creditors. Clement accepted the assignment, received the property, advertised and gave notice of the assignment in a newspaper, and later sold the stock of goods and paid the proceeds to the creditors as a partial payment on their claims filed with him. He did not execute the bond required of him. The substitute assignee was legally appointed and qualified.

The law is settled that title vests in the assignee when the written assignment is delivered by the assignor for the benefit of his creditors, and the vesting of such title is not contingent upon the filing of the statutory bond by the assignee. It is also settled that when the assignment has been executed and delivered by the assignor to the assignee, the assignee may maintain a suit against a creditor or the assignor for the purpose of collecting the assets of the debtor's estate, even though the assignee has failed to give a bond. Nor is the assignment vitiated by the failure to give the requisite bond, because the statutes provide that "such assignment shall nevertheless take effect as against the assignor and his creditors." Fant v. Elsbury, 68 Tex. 1, 2 S. W. 866; Windham v. Patty, 62 Tex. 490; article 266, R. S. 1925.

Nor do we sustain appellant's contention that F. C. Thomson, as substitute assignee, should have instituted a new and separate suit. Upon the removal or resignation of the assignee and the appointment of the substitute assignee, the latter was invested with all the powers possessed by his predecessor. Article 266, R. S. 1925; Thaxton v. Smith, 90 Tex. 589, 40 S. W. 14; Perry v. Stephens, 77 Tex. 246, 13 S. W. 984. And since the substitute assignee succeeded to the powers of the assignee, the former was authorized to continue to prosecute this suit begun by the latter; and, upon winning the suit, was entitled to recover all costs incurred in the suit from its inception.

Nor did the trial court err in admitting in evidence the original assignment executed and delivered by Newman to Clement, over the objection of appellant that same was void, because it did not have annexed thereto an inventory containing the information required by article 262, R. S. 1925, with regard to list of creditors, their addresses, and an inventory of the assignor's estate, etc. The detailed requirements or specifications of this article, as well as the other assignment statutes, are manifestly for the information and benefit of the assignee and creditors, and not the assignor. It was the assignor's duty in the instant case to comply with all statutory prerequisites to effectuate a valid assignment. The undisputed evidence showed that his creditors in good faith accepted his assignment, took their loss, and are not now complaining, but through the assignee they are merely insisting that assignor account for all the property covered by the assignment. Manifestly, equity would not permit appellant at this stage of the proceeding to deny the validity of his assignment, and thereby retain a part of the property which he had assigned in trust for the benefit of his creditors, even though several of the requisites of the assignment statutes have not been complied with by him and the assignee.

It is settled law in this state that general assignments for the benefit of creditors, with the rules applicable thereto, apart from statutory regulations, are enforceable in equity. That is, in the case of Carlton v. Bald-

win, 22 Tex. 724, it is held that with regard to cases involving assignments for the benefit of creditors, "the principles which have directed courts of equity in relation to the subject are peculiarly applicable." Keating v. Vaughn, 61 Tex. 518; Patty-Joiner & E. Co. v. Cummins (Tex. Civ. App.) 59 S. W. 297; Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377. When this rule is applied to the aforementioned facts, equity will enforce the assignment in the instant case, even though some of the statutory requisites of assignments for the benefit of creditors have not been complied with by the assignor and assignee.

We have carefully examined appellant's remaining assignments and find them to be without merit, and the judgment of the trial court will be affirmed.

Affirmed.