**TEXAS MACHINERY AND EQUIPMENT COMPANY, Incorporated, et al., Petitioners,**

v.

**GORDON KNOX OIL AND EXPLORATION COMPANY (a corporation), Respondent.**

No. B–1287.

Supreme Court of Texas.

June 11, 1969.

Rehearing Denied July 9, 1969.

**316**

Carroll E. Brown, Amarillo, for petitioners.

Lynch, Chappell, Allday & Culp, Randall Lundy, Midland, Crenshaw, Dupree & Milam, Tom Milam, Lubbock, for respondent.

SMITH, Justice.

In this proceeding in the nature of a bill of review, instituted by Gordon Knox Oil and Exploration Company, a corporation, Respondent here, the trial court granted Respondent relief from a default garnishment judgment. The Court of Civil Appeals affirmed. 434 S.W.2d 182. We reverse the judgments of the courts below and render judgment that the Respondent take nothing.

On March 26, 1962, Texas Machinery and Equipment Company, Incorporated, executed an assignment to three foreign corporations of all its assets. At such time Texas Machinery had pending a suit against one Frank Montgomery, and on May 1, 1962, a judgment against Montgomery in the sum of $11,080 was rendered in favor of Texas Machinery. On March 14, 1963, the charter of Texas Machinery was forfeited in the statutory manner by the Texas Secretary of State. On June 29, 1967, garnishment proceedings were instituted in the name of Texas Machinery against Respondent who was alleged to be indebted to Frank Montgomery. Service was had upon Respondent by serving one J. J. Joyce, its secretary-treasurer. Respondent failed to answer the garnishment citation, and under date of July 31, 1967, suffered the default judgment which is under attack in this suit. The assignee corporations were not named as parties in the suit against Montgomery or in the subsequent sworn application for writ of garnishment. This suit was instituted by Respondent on September 29, 1967, and was designated as being "in the Nature of a Bill of Review to set aside" the garnishment judgment. It was the view of the lower courts that the garnishment judgment in the name of Texas Machinery, a nonexistent corporation, was void, and that Respondent was entitled to the relief sought in its bill of review action.

We first dispose of the holding of the Courts below that the garnishment judgment taken in the name of Texas Machinery, a nonexistent corporation, was void. It is our view that the problem is not one of voidness of the garnishment judgment; it is, rather, whether the court possessed the jurisdictional power to render the judgment. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961). There is no question of the jurisdictional power of the court in the main suit to enter judgment against Montgomery in favor of Texas Machinery. The court unquestionably had jurisdiction of the subject matter of the proceeding and of the parties. The judgment roll in the garnishment proceeding did not disclose either the assignment of the chose in action against Montgomery or the subsequent forfeiture of the corporate charter of Texas Machinery. The right of an assignee to continue a suit in the name of its assignor, the assignee not being a necessary party and the presence of the assignor not being required, has been recognized. It was held in Ferguson-McKinney Dry Goods Co. v.

Garrett, 252 S.W. 738, 741 (Tex.Comm. App.1923):

"But, even if there had been a *dissolution, legally* speaking, of the original plaintiff company, in 1916, we do not think there was any *abatement* of the pending cause. Therefore no new question of limitation arose. The evidence shows that the old corporation, before the dissolution, assigned the cause of action to the new company, and the latter had a right to continue to prosecute the suit in the name of the old corporation or be substituted as party plaintiff. No hiatus existed. Assignee was not even a necessary party."

An assignee can recover either in his own name or in that of the assignor. Citizens State Bank of Houston v. O'Leary, 140 Tex. 345, 167 S.W.2d 719 (1942). See also Thaxton v. Smith, 90 Tex. 589, 40 S.W. 14 (1897); McFadin v. MacGreal, 25 Tex. 73 (1860) and Minerva Mercantile Co. v. Cameron Compress Co., 15 S.W.2d 62 (Tex. Civ.App.1929, writ ref.). Issuance of the writ of garnishment in the name of Texas Machinery as the judgment creditor conformed to the general rule that processes under a judgment are issued in the name of the party in whose favor the judgment was rendered. See Garvin v. Hall, 83 Tex. 295, 18 S.W. 731 (1892); Cleveland v. Simpson, 77 Tex. 96, 13 S.W. 851 (1890); and Owens v. Clark, 78 Tex. 547, 15 S.W. 101 (1890).

 Since we have held that the garnishment judgment in the name of Texas Machinery Company, Inc. is not void, it becomes necessary for this Court to pass upon the question of whether or not the Respondent has shown sufficient cause which would entitle it to set aside the default judgment described in its bill of review. We hold that it has not. As heretofore indicated, Texas Machinery obtained a judgment in the sum of $11,080.00 against Montgomery. The judgment was rendered in Cause No. 38,725–B, styled Texas Machinery and Equipment Company, Inc. v. Frank Montgomery, Individually,

and Montgomery Equipment Company. The application for writ of garnishment, which is involved here, was filed in Cause No. 38,725–B and the writ of garnishment was issued and subsequently served pursuant to such application. In accordance with a stipulation entered into by the parties, Cause No. 38,725–B was consolidated with and made a part of the present cause, which appeared on the docket of the trial court as Cause No. 55,359, styled Gordon Knox Oil and Exploration Company v. Texas Machinery and Equipment Company, Inc. et al. Both of these causes of action were filed in the 140th Judicial District Court of Lubbock County, Texas. Thus, it is seen that the garnishment judgment was obtained in an adversary proceeding between parties in actual litigation.

The Respondent did not allege non-negligence on its part. The evidence shows that the secretary-treasurer of Texas Machinery was served with the writ of garnishment on July 5, 1967. It is admitted that the secretary-treasurer made a notation upon the copy of the writ served upon him, which reads: "We have no A/C payable to Frank Montgomery or Montgomery Equipment Company—have not had in years." The President of the Respondent Company testified to facts showing that the secretary-treasurer negligently failed to notify him of the garnishment writ. The President testified that he had no knowledge of the garnishment writ until September 15, 1967, long after the default judgment had been rendered on July 31, 1967. Respondent does not deny that it received the notice required by Rule 239a, Texas Rules of Civil Procedure, of the default judgment. The President of the Respondent Company merely stated that he was never informed that the secretary-treasurer received a notice from the court that a judgment had been entered.

Respondent, under the record in this case, cannot obtain relief by bill of review from the judgment of July 31, 1967. Although a meritorious defense was proved, the Respondent failed to allege and prove

that its failure to answer the garnishment suit was unmixed with any fault or negligence on its part. A party seeking relief from a default judgment in a garnishment proceeding by way of bill of review is bound by the same rules of procedure as those governing any action to set aside a default judgment. In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950) this Court said:

> "Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own."

The imposition of these strict requirements is grounded on the necessity that finality be accorded to judgments. French v. Brown, 424 S.W.2d 893 (Tex.Sup.1967); Hanks v. Rosser, 378 S.W.2d 31 (Tex. Sup.1964). The validity of this approach to final judgments in adversary proceedings between parties in actual litigation has been repeatedly reaffirmed by this Court and is firmly settled. Although, McEwen v. Harrison, 162 Tex. 125, 345 S. W.2d 706 (1961), is not a bill of review case, it does set out in detail the requirements which must be met by a litigant seeking to set aside a final judgment such as we have here.

Further, Respondent cannot prevail because it has not shown that it was prevented from making its defense to the Petitioners' suit by their fraud or wrongful act. See Alexander v. Hagedorn, *supra*. The Respondent did allege that the Petitioners were guilty of fraud upon the court in obtaining the judgment in Cause No. 38,725–B. However, it is clear from the pleadings that the basis for the allegations of fraud was that a non-existent corporation "did not have the legal right to sue or defend in any court in this state." It was upon this ground that the default judg-

ment was held to be void. Prior to entering judgment, the trial judge stated: "I'm pretty sure that if Texas Machinery and Equipment Company had been a corporation in existence at the time, that we're real short on the requisite to set aside a default judgment here in this garnishment suit." There existed no legal reason for the court to set aside the default judgment. The Respondent, therefore, is not entitled to have the suit tried on its merits.

Accordingly, the judgments of the courts below are reversed and judgment is rendered that the Respondent take nothing.

STEAKLEY and REAVLEY, JJ., dissent.

STEAKLEY, Justice (dissenting).

I respectfully dissent. I would uphold the trial court in granting Respondent relief from the default garnishment judgment upon the finding that Respondent established sufficient cause for bill of review relief under Rule 329b, subd. 5, Texas Rules of Civil Procedure.

The facts can be simply stated. Frank Montgomery owed a debt to Texas Machinery and Equipment Company, Incorporated, which was reduced to judgment in 1962 in the sum of $11,080. Over five years later, in 1967, Texas Machinery thought Gordon Knox Oil and Exploration Company, a corporation, owed money to Montgomery and sought to collect the Montgomery judgment by a writ of garnishment directed to Gordon Knox. But Gordon Knox owed Montgomery nothing. Its secretary-treasurer thought that ended the matter and neglected to file an answer. Texas Machinery then took a default garnishment judgment against Gordon Knox under which Gordon Knox will be required to pay the Montgomery judgment with its own funds. To avoid paying Montgomery's debt, Gordon Knox instituted this bill of review proceeding to set aside the default garnishment judgment. The trial judge, in whose court all the proceedings occurred, granted the relief sought. The trial judge found that Joyce, who was

served with a copy of the writ of garnishment, was in fact only a bookkeeper with no administrative authority over the affairs of Gordon Knox; that the action of Joyce in failing to inform the officers of the corporation of the writ of garnishment was caused by accident and mistake, for the reason that his investigation disclosed that the corporation was not indebted to Montgomery and because of his opinion that such rendered it unnecessary to do anything further; that neither Joyce nor the corporation was guilty of conscious indifference; and that the failure of Joyce to have an answer filed to the writ of garnishment was not intentional.

Rule 329b, subd. 5 authorizes the setting aside of a final judgment by bill of review "for sufficient cause." We are deciding for the first time what interpretation will be given this sufficient cause requirement in a bill of review action to set aside a default garnishment judgment. The majority has announced a legalistic rule which here requires a defaulting garnishee to pay a debt he does not owe, notwithstanding the findings of the trial judge that the garnishee was not guilty of conscious indifference to the processes of court and that the failure to file an answer to the writ of garnishment was not intentional. This harsh and inequitable result has been reached by an inflexible extension to ancillary garnishment proceedings of the *Hagedorn* rule applicable to final judgments in adversary proceedings which settle disputes between litigating parties. See Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). The underlying principle in such circumstances is the necessity that parties in litigation know when their rights have been finally settled. But a garnishment proceeding is something else. It does not have the characteristics of a conventional lawsuit between parties in dispute. It is not a proceeding to settle a controversy, and is merely ancillary to a suit between the garnishor and his debtor as to which the garnishee is a total stranger. The writ itself is inquisitorial in nature and is not an action to vindicate a right; it is a remedy which has been characterized as summary and harsh and as bringing into court strangers to the main suit. Beggs v. Fite, 130 Tex. 46, 106 S.W. 2d 1039 (1937). The garnishee is not in default in the payment of his debt, and it is not his creditor who is making the demands. He is an innocent person who is no more than a stakeholder; if he holds no "stakes," he is particularly entitled to invoke the aid of equity against being required to answer for the debt of another. The garnishor is entitled only to reach funds or effects of his debtor in the hands of the garnishee, and no right or remedy of the garnishor can be defeated if there are none. The garnishment proceeding and any judgment entered in response to the writ of garnishment in no way affects the rights of the parties as adjudicated in the suit to which the garnishment is ancillary. Here, it is conceded that Gordon Knox had a meritorious defense to the garnishment action; it was not indebted to Montgomery, held none of his effects and had no knowledge of any other person indebted to, or holding any effects of, Montgomery. It was commented in Freeman v. Miller, 53 Tex. 372 (1880), that "The law does not seek to impose the payment of the debt due the principal debtor upon the garnishee as a penalty for his failure to make full answer * * *." 53 Tex. at 377.

In Hanks v. Rosser, 378 S.W.2d 31 (Tex. Sup.1964), we somewhat relaxed the harshness of the *Hagedorn* rule. We held under circumstances there presented that the trial court may grant bill of review relief upon finding that the defaulting party has a meritorious defense, and that no injury will result to the opposite party, where the failure to file an answer was not intentional or the result of conscious indifference. We upheld trial court findings by necessary implication that the defaulting party did not intentionally fail to answer and that his failure to answer was not caused by conscious indifference. Here, the trial court findings are similarly favorable to Gordon Knox. Furthermore, Texas Machinery will not be caused to suffer injury by the

granting of the bill of review. It was only entitled to reach funds or effects of its debtor, Montgomery, in the hands of Gordon Knox or obtain its knowledge of such in other hands. Since it is undisputed that Gordon Knox was not indebted to Montgomery, and had no knowledge of any person who was, the inquisitorial nature of the writ was satisfied and no rights of Texas Machinery can thereafter be prejudiced. It is the proper function of the equitable bill of review to afford relief to a garnishee under the circumstances here presented, and I would sustain the action of the courts below in applying the standard of conscious indifference in determining that Gordon Knox had met the requirements of sufficient cause under Rule 329b.

Support for my views can be found in the decisions which considered the default garnishment situation prior to the enactment of the Rule 329b sufficient cause standard for a bill of review. In Kentucky Oil Corporation v. David, 285 S.W. 290 (Tex.Comm.App.1926), it is stated that "If a garnishee, through accident, mistake, or inadvertence, fails to answer one or more of the statutory inquiries, he is not without his remedy, if timely interposed." citing Freeman v. Miller, 51 Tex. 443 (1879), and Lamb-McAshan Co. v. Ellis, 270 S.W. 547 (Tex.Comm.App.1925). This court said in the cited case of Freeman v. Miller:

> "We are further of opinion, that in a case like the one now before the court, where the garnishee, without any excuse therefor shown on the record, fails to make any answer to one or more of the statutory questions, then the court is authorized to proceed as though no answer had been made, and render judgment accordingly; *and that if from accident, mistake, or other cause, injustice has been done the garnishee, he himself must take the initiative, and, by motion made in due time, or other proper proceedings, seek to set aside the judgment.*

> "Mr. Drake says that in many of the States a judgment by default may be

taken against a garnishee upon his failure to answer; that by such failure he is prima-facie guilty of negligence, and cannot obtain relief *unless, by rebutting this presumption of negligence, he can induce the court to set aside the judgment and permit him to answer.*

> "This we think the proper practice, and one which accords with the decisions of this court in analogous cases. [Dowell v. Winters, 20 Tex. [793] 797.)." (Italics are added.)

In Lamb-McAshan v. Ellis, supra, the court clearly indicated that the enforcement of a judgment against a defaulting garnishee would be inequitable and unjust under circumstances such as those here, i. e., where the garnishee is not indebted to the judgment defendant and does not know of property by which the judgment could be paid, good reason for not making answer being shown.

I would affirm the judgments below and therefore respectfully dissent.

REAVLEY, J., joins in this dissent.