ACCEPTED
14-14-00753-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
4/13/2015 2:22:32 PM
CHRISTOPHER PRIN
CLERK

NO. 14-14-00753-CV

IN THE COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 2:22:32 PM
CHRISTOPHER A. PRINE
Clerk

FOR THE FOURTEENTH DISTRICT OF TEXAS AT HOUSTON

WOODROW W. MILLER, ASSIGNEE OF JUDGMENTS 2 CA$H, LLC
Appellant,
vs.
ROYAL ISD AND WALLER COUNTY
Appellees

On Appeal from the 506th Judicial District Court
of Waller County, Texas

BRIEF OF APPELLEES
WALLER COUNTY AND WALLER-HARRIS ESD#200

R. Gregory East
State Bar No. 24007138
Otilia Gonzales
State Bar No. 24010360
PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
1235 North Loop West, Suite 600
Houston, Texas 77008
Telephone: (713) 862-1860
Fax: (713) 862-1429

ATTORNEYS FOR APPELLEES,
WALLER COUNTY AND
WALLER-HARRIS ESD#200

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................. 3
STATEMENT OF THE CASE .............................................................................. 4
SUMMARY OF THE ARGUMENT ..................................................................... 7
ARGUMENT AND AUTHORITY ........................................................................ 8
PRAYER ................................................................................................................16
CERTIFICATE OF SERVICE.............................................................................17
CERTIFICATE OF COMPLIANCE....................................................................18
APPENDIX.............................................................................................................18

# INDEX OF AUTHORITIES

## Cases
*Bosch v. Harris County* 2015 WL 971317 (Tex.App.--Houston [14[th] Dist.] 2015, no pet.) (Mem. Op.) ...........................................................................9
*In re Benavides*, 403 S.W. 3d 370 (Tex.App.--San Antonio 2013, pet. denied)..................................................................................................9
*Kunstoplast of America, Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455 (Tex. 1996)...........................................................................................9
*Moore v. Elektro-Mobil Technik GmbH*, 874 SW2d 324 (Tex. App.--El Paso 1994, writ denied)............................................................................9
*Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003)......................................10
*Davis v. City of Austin*, 632 S.W.2d 331 (Tex. 1982)...........................12
*City of Bellaire v. Sewell*, 426 S.W.3d 116 (Tex.App.—Houston [1[st] Dist.] 2012, no pet.)..............................................................................................12
*Estates of Elkins v. County of Dallas*, 146 S.W.3d 826 (Tex. App.—Dallas 2004, no pet.)..............................................................................................13
*Seiflein v. City of Houston*, 2010 WL 376048 (Tex.App.—Houston [1[st] Dist.] 2010, no pet.) (Mem. Op.)...............................................................13
*Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993).......14
*Board of Water Engineers v. City of San Antonio*, 283 S.W.2d 722 (Tex. 1955)...14

## Statutes
Texas Rule of Civil Procedure 7............................................................9
TEXAS PROPERTY CODE 12.014..............................................7, 9, 10
TEXAS TAX CODE 33.47..................................................................11-15
TEXAS TAX CODE 25.02 ( c).................................................................13

No. 14-14-00753-CV

WOODROW W. MILLER, ASSIGNEE OF JUDGMENTS 2 CA$H, LLC.
Appellant,
vs.

ROYAL ISD AND WALLER COUNTY
Appellees.

---

BRIEF OF APPELLEES WALLER COUNTY
AND WALLER-HARRIS ESD#200

---

Waller County and Waller-Harris Emergency Service District #200 ("Waller-Harris ESD#200", collectively "Appellees Waller County and Waller-Harris ESD#200") file this brief in response to the brief filed by Appellant Mr. Woodrow W. Miller, Assignee of Judgments 2 CA$H, LLC.

Appellees believe that the issues raised require oral argument.

STATEMENT OF THE CASE

Waller County and Waller-Harris ESD#200 largely agree with Appellant's statement of the procedural history of the case. However, Appellees would add the following:

1. Appellee Waller-Harris ESD #200 would clarify its inaccurate label by Appellant as "EMS." The Waller-Harris ESD#200 is a local government agency that was created by a vote of the people to provide emergency fire

4

and medical services for unincorporated areas of Waller County and Harris County.

2. Appellee Waller-Harris ESD#200 intervened into the underlying case to obtain a tax judgment and foreclose its tax lien on the subject real property, which consists of one tract of land containing approximately eight acres. (CR 148-152). Counsel for Appellee Waller County substituted into the underlying case after it had been filed. This tract is assigned three different tax accounts, each with an undivided interest in the eight acre tract: R6819 (50% undivided interest), R6820 (25% undivided interest), and R6821 (25% undivided interest). (CR 202-205). Delinquent taxes are owed to Appellees on all of these accounts. (CR 202-205).

3. At the trial on August 18, 2014 Appellant informed the court that he is not an attorney. (RR 8). The trial court instructed Appellant that only an attorney may represent the defendant Judgments 2 CA$H. (RR 9). No testimony or evidence was offered to the court establishing the written assignment of any right, claim or judgment of Judgments 2 CA$H to Appellant.

5

4. The court addressed the counter-claim/cross-claim filed by Appellant as pro se registered agent and assignee of Judgments 2 CA$H (RR 4-8). Appellant used the tax trial litigation to bring a trespass to try title and partition action against the property interests of the other defendants in the tax case (CR 78-104). At the tax trial, Appellant asked the court to make an heirship determination to the detriment of the other defendants in the suit. (RR 4). Appellant asked the trial court for six months' time to "clear up the title" to the subject property. (RR 8). The trial court entertained Appellant's request and granted an even longer extension and inserted an additional instruction into the judgment ordering the parties to abate the judgment and not execute on it for one year, to allow Appellant time to pursue his determination of heirship and pursuit of 100 percent of the title. (RR 7-10; 12, CR 206-209).

5. Four days before the tax trial, Appellant, as pro se Assignee of Judgments 2 CA$H filed a Motion for Sanctions against all other counsel in this case. (CR 157-190). The motion was based upon incomplete discovery responses from Appellee Royal ISD and the court-appointed Attorney ad Litem. Appellee Waller-Harris ESD#200 was never served with these subject discovery requests (CR 105-106) but was nonetheless included as

a target in the Motion for Sanctions. (CR 157-190). At the time of trial the court addressed the motion. (RR 11). Appellant told the court he filed the motion in an attempt to gain more time. (RR 11). The court denied the motion. (RR 13).

6. The written Assignment and Transfer of Judgment and Causes of Action from Judgments 2 CA$H to Appellant was not executed until August 29, 2014, and not filed with the Waller County District Clerk until September 17, 2014. (CR 221-223).

SUMMARY OF THE ARGUMENT

Appellant brings this appeal and asserts that he is an assignee of the tax judgment against Judgments 2 CA$H, LLC, pursuant to Texas Property Code §12.014. However, during the pendency and trial of the underlying case, Appellant did not have the authority to defend or litigate any claims or defenses on behalf of Judgments 2 CA$H. Therefore the trial court had discretion and did not abuse it by denying Appellant the opportunity to appear and defend Judgments 2 CA$H. There are no outstanding claims in the underlying case. The final judgment entered by the court expressly provided that all relief prayed for in any of the pleadings in the case that was not specifically granted by the judgment was denied.

7

Appellant does not have standing to attack Appellees' evidence. At the trial, Appellant failed to timely and specifically object to Appellees' evidence, and it was admitted. Neither Appellant nor Judgments 2 CA$H introduced any evidence to rebut Appellees' case. Appellees' certified tax statement was sufficient to prove a prime facie case against the defendants in the underlying case and the court properly awarded judgment in favor or Appellees. All motions, claims and objections made by Appellant before the judgment was entered in the underlying case were not properly made and therefore not preserved because Appellant asserted them without authority.

Appellees Waller County and Waller-Harris ESD#200 incorporate by reference all argument and authority asserted by Appellee Royal ISD.

ARGUMENT AND AUTHORITY

<u>Appellant's Issue 1</u>: The Court had no discretion to dis-allow Woodrow W. Miller, assignee of Judgments 2 CA$H, LLC to litigation in J2C's place and stead.

<u>Response to Appellant's Issue 1</u>:

The trial court had discretion to deny Appellant's attempt to defend and litigate in the place of Judgments 2 CA$H, LLC because Appellant is not attorney, nor was he an assignee of the company at the time of the trial. By doing so the court acted reasonably and within the law. "A trial court abuses its discretion

8

when it acts without reference to any guiding rules and principles or clearly fails to analyze or apply the law correctly." *Bosch v. Harris County* 2015 WL 971317, 3, (Tex.App.--Houston [14th Dist.] 2015, no pet.) (Mem. Op.) *citing In re Benavides*, 403 S.W. 3d 370, 373-74 (Tex.App.--San Antonio 2013, pet. denied).

Texas Rule of Civil Procedure 7 permits a party to appear in a suit and defend himself in person or through an attorney. Appellant was not named as a defendant in the underlying tax suit. (CR 19). Appellant testified at trial that he is not an attorney (RR 8). Therefore Appellant does not have the authority to defend the Judgments 2 CA$H. "Generally, a corporation may be represented only by a licensed attorney, and an individual must appear in person or by an attorney." *Kunstoplast of America, Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) *citing Moore v. Elektro-Mobil Technik GmbgH*, 874 SW2d 324, 327 (Tex. App--El Paso 1994, writ denied). During the trial, the court instructed Appellant that an individual cannot represent a company and that Appellant needed an attorney to assist him in this matter. (RR 9).

At the trial, Appellant announced that he was appearing as the assignee and president of Judgments 2 CA$H (RR 8). Appellant relies upon Property Code §12.014 as authority for litigating in the place of Judgments 2 CA$H. Appellant admits that he had received only an oral assignment during the time of trial. *See*

9

Appellant's brief, 3. Pursuant to statute the transfer of a judgment or cause of action must be in writing. *See* TEX. PROP. CODE §12.014(a). After the judgment was entered, Judgments 2 CA$H executed and then filed a written assignment pursuant to the statute to transfer and assign "all causes of action and judgments, which it has now and in the future, to Woodrow W. Miller..." (CR 221-223). Therefore, Appellant was not an assignee pursuant to this statute until after the tax judgment was entered. As a result, the trial court followed the law by not allowing Appellant to litigate in Judgments 2 CA$H's place and stead.

Appellant also claims that the trial court refused to address other claims that he asserted as assignee of Judgments 2 CA$H in the tax suit. *See* Appellant's brief, 1, 4. There is a presumption that a judgment is final and disposes of all claims between the parties after a full trial on the merits. *Moritz v. Preiss*, 121 S.W.3d 715, 718-719 (Tex. 2003). Additionally, the tax judgment contains express language stating that "[a]ll relief prayed for in any of the pleadings in the cause which is not specifically granted by this judgment is hereby denied." (CR 206-209). As a result, any claims that were filed or asserted in the underlying litigation that were not granted in the judgment were denied when the judgment was entered.

Appellant's Issue 2: This issue is directed to Appellee Royal ISD.

Appellant's Issue 3: This issue is directed to Appellee Royal ISD.

Appellant's Issue 4: This issue is directed to Appellee Royal ISD.

Appellant's Issue 5: EMS (more accurately known as the Waller-Harris ESD#200) is not entitled to the 33.47 presumption because its evidence shows that assessment of taxes was imposed only on an "in rem" party.

Appellant's Issue 6: There is no evidence that EMS (more accurately known as the Waller-Harris ESD#200) imposed tax on a person who owned the property on January 1 of the year for which the tax was imposed.

Appellant's Issue 7: Because EMS (more accurately known as the Waller-Harris ESD#200) failed to prove assessment of taxes against an owner, taxes owed to EMS cannot be delinquent and the penalties, interest, attorneys' fees and costs granted to EMS in the judgment should be reversed.

Response to Appellant's Issue 5, 6, and 7:

Appellant asserts the standard of review for issues 2 through 8 is a "no evidence" standard. *See* Appellant's brief, 16. At the time that Appellees' evidence was offered at the trial in the underlying case, no objection was made and it was admitted. (RR 12). A specific objection must be made at the time that the evidence is offered at trial. TEX. RULE OF EVID. 103(a)(1). In order to complain on appeal the record must show that a timely objection was made to the trial court on specific grounds. TEX. RULE OF APP. PRO. 33.1(a). At the trial, and before

Appellees' evidence was offered to the court, Appellant told the court that he had an "issue" with tax records that were sent to the record owners. (RR 11). It is not known if this statement was intended to be an objection. However, in the event that it was, then it was not a timely or specific objection to Appellees' evidence. As a result, Appellant should not be allowed to complain about Appellees' evidence on appeal.

The Appellant's Issues 5, 6, and 7 essentially make the same argument, which is that the certified tax statement of Appellees Waller County and Waller-Harris ESD#200 was not sufficient to prove their prime facie case under the Tax Code and that Appellees were not entitled to judgment. In fact, the certified tax statement was sufficient to prove a prime facie case against the defendants and the court properly awarded judgment in favor of Appellees.

In a delinquent tax suit, a certified copy of the entries of the delinquent tax roll may be admitted to show the amount of tax, penalties and interest that is due and that everyone charged with a duty to impose the tax has complied with the requirements of the law. *See* TEX. TAX CODE §33.47(a). Introduction of the delinquent tax records establishes a prima facie case in favor of the taxing units. *See Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982); *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex.App.—Houston [1st Dist.] 2012, no pet.).

Appellees' certified tax statement established a prima facie case as to every material fact necessary to the cause of action. *See id.* A presumption arises that the taxes are delinquent. *See Estates of Elkins v. County of Dallas*, 146 S.W.3d 826, 829 (Tex. App.—Dallas 2004, no pet.). "Unless the taxpayer establishes independent reasons why the taxing authority should not recover, the taxing authority is entitled to judgment." *See id.* Appellant is not able to establish an independent reason why the Appellees were not entitled to a judgment.

Appellant complains that the certified tax statement shows Judgments 2 CA$H as the owner. Defendant Judgments 2 CA$H was the owner of one of the accounts but was not the owner on January 1 on all of the tax years. (CR 173). Therefore, Judgments 2 CA$H is not personally liable for all of the taxes and the judgment properly makes it "in rem." (CR 206).

Appellant tries to avoid judgment for the penalties and interest because of the name shown on the certified tax statement. However, the Tax Code stipulates that a "mistake in the name or address of an owner does not affect the validity of the appraisal records, of any appraisal or tax roll based on them, or of the taxes imposed." *See* TEX. TAX CODE §25.02(c); *Seiflein v. City of Houston*, 2010 WL 376048 (Tex.App.—Houston [1st Dist.] 2010, no pet.) (Mem. Op.). Judgments 2 CA$H did not introduce any evidence to rebut Appellees' case.

13

Appellant attempts to attack the certified tax statements for the accounts that Judgments 2 CA$H does not own. He does not have standing to do so. For a party to have standing, there must be a real controversy between parties which can be determined by the court. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (quoting *Board of Water Engineers v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955). The tax liability for the two accounts not owned by Judgments 2 CA$H is not a controversy between the Appellees and Judgments 2 CA$H and therefore Appellant does not have standing.

Furthermore, Appellant does not have standing to attack the certified tax statement for the account owned by Judgments 2 CA$H. The assignment that Appellant purports to have from Judgments 2 CA$H has nothing to do with the tax liability of Judgments 2 CA$H. There is no evidence that Judgments 2 CA$H has deeded the property to Appellant. Therefore, the issue of the tax liability for the property owned by Judgments 2 CA$H is not a controversy between Appellant and Appellees.

Appellant's Issue 8: Appellees' tax records admitted into evidence are not entitled to the Section 33.47 presumption because the evidence is not a copy of the current tax roll and delinquent tax roll but are a summary thereof.

Response to Appellant's Issue 8:

The Appellant argues that the certified tax statement of Appellees is not a copy of the current tax roll. This argument fails because the certified tax statement of Waller County and Waller-Harris ESD#200 complies with Sec. 33.47 of the Tax Code. The Tax Code describes the certified tax statements as being "certified copies of the *entries* showing the property and the amount of tax and penalties imposed and interest accrued." *See* TEX. TAX CODE §33.47(a) (emphasis added). The certification signed by the tax assessor-collector says that the information on the statement is a copy of the entries showing the property and the amounts of tax, penalty and interest. (CR 202-205). Because the certified tax statement complied with Sec. 33.47, Appellees' prime facie case was proven upon admission of the certified tax statement. The defendants in the judgment, notwithstanding Appellant's improper attempts to represent or substitute in the place of a limited liability company, did not introduce any evidence to the contrary. Because Appellees' case was not rebutted, the trial court properly granted judgment.

PRAYER

For these reasons, Appellees Waller County and Waller-Harris ESD #200 respectfully pray that this court affirm the District Court's judgment in its favor, or in the alternative dismiss the appeal for lack of standing, and such other relief to which it may be entitled.

Respectfully submitted,

By: _____
R. Gregory East
SBN: 24007138
Otilia Gonzales
SBN: 24010360
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
1235 North Loop West, Suite 600
Houston, Texas 77008
713-862-1860
713-862-1429 fax

ATTORNEYS FOR APPELLEES
WALLER COUNTY AND
WALLER-HARRIS ESD #200

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to Tex. R. App. R. 9.5 a true and correct copy of the foregoing was served by certified mail, return receipt requested, this the ___10___ day of April, 2015.

Mr. Woodrow Miller
President and Assignee of Judgments 2 CA$H, LLC
12929 Main
Houston, Texas 77035
832-890-8505
713-721-6383 (fax)
Pro se

Mr. Henry Steen, Jr.
Law Office of Henry Gates Steen, Jr., P.C.
3001 N. Lamar Boulevard, Suite 306
Austin, Texas 78705
512-476-4688
512-476-0325 (fax)
Attorney for Appellee Royal ISD

Ms. Jennifer A. Powell
Eichelbaum Wardell Hansen Powell & Mehl, PC
4201 Parmer Lane, Suite A-100
Austin, Texas 78727
512-476-9944
512-476-2599
Attorney for Appellee Royal ISD

Mr. Charles Karisch
816 Wilkins Street
Hempstead, Texas 77445
979-826-2478
979-826-8681 (fax)

# CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 3,166 words. This number was determined by a computer program.

_____

# APPENDIX

Texas Property Code 12.014.................................................................A
Texas Tax Code 33.47................................................................B
Texas Tax Code 25.02...............................................................C
Assignment and Transfer of Judgment and Causes of Action to Woodrow W. Miller pursuant to Tex. Prop. Code Section 12.014...................................D

| Vernon's Texas Statutes and Codes Annotated |
| Property Code (Refs & Annos) |
| Title 3. Public Records |
| Chapter 12. Recording of Instruments |

V.T.C.A., Property Code § 12.014

§ 12.014. Transfer of Judgment or Cause of Action

Effective: September 1, 2007

Currentness

(a) A judgment or part of a judgment of a court of record or an interest in a cause of action on which suit has been filed may be sold, regardless of whether the judgment or cause of action is assignable in law or equity, if the transfer is in writing.

(b) A transfer under this section may be filed with the papers of the suit if the transfer is acknowledged or sworn to in the form and manner required by law for acknowledgement or swearing of deeds.

(c) If a transfer of a judgment is filed, the clerk shall record the transfer appropriately. If a transfer of a cause of action in which a judgment has not been rendered is filed, the clerk shall note and briefly state the substance of the transfer on the court docket at the place where the suit is entered.

(d) A transfer filed under this section is notice to and is binding on a person subsequently dealing with the judgment or cause of action.

## Credits

Acts 1983, 68th Leg., p. 3494, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 1989, 71st Leg., ch. 162, § 3, eff. Sept. 1, 1989; Acts 2007, 80th Leg., ch. 628, § 4, eff. Sept. 1, 2007.

Notes of Decisions (74)

V. T. C. A., Property Code § 12.014, TX PROPERTY § 12.014
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Tax Code (Refs & Annos)
      Title 1. Property Tax Code
         Subtitle E. Collections and Delinquency
            Chapter 33. Delinquency (Refs & Annos)
               Subchapter C. Delinquent Tax Suits

V.T.C.A., Tax Code § 33.47

§ 33.47. Tax Records as Evidence

Currentness

(a) In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

(b) If the description of a property in the tax roll or delinquent tax roll is insufficient to identify the property, the records of the appraisal office are admissible to identify the property.

(c) In a suit to collect a tax, a tax receipt issued under Section 31.075 of this code, or an electronic replica of the receipt, that states that a tax has been paid is prima facie evidence that the tax has been paid as stated by the receipt or electronic replica.

**Credits**

Acts 1979, 66th Leg., p. 2295, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1987, 70th Leg., ch. 52, § 2, eff. May 6, 1987; Acts 1995, 74th Leg., ch. 828, § 1, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1481, § 20, eff. Sept. 1, 1999.

Notes of Decisions (152)

V. T. C. A., Tax Code § 33.47, TX TAX § 33.47
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT C**

§ 25.02. Form and Content, TX TAX § 25.02

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

| Vernon's Texas Statutes and Codes Annotated |
|---|
| Tax Code (Refs & Annos) |
| Title 1. Property Tax Code |
| Subtitle D. Appraisal and Assessment (Refs & Annos) |
| Chapter 25. Local Appraisal (Refs & Annos) |

V.T.C.A., Tax Code § 25.02

§ 25.02. Form and Content

Currentness

(a) The appraisal records shall be in the form prescribed by the comptroller and shall include:

(1) the name and address of the owner or, if the name or address is unknown, a statement that it is unknown;

(2) real property;

(3) separately taxable estates or interests in real property, including taxable possessory interests in exempt real property;

(4) personal property;

(5) the appraised value of land and, if the land is appraised as provided by Subchapter C, D, E, or H, Chapter 23,[1] the market value of the land;

(6) the appraised value of improvements to land;

(7) the appraised value of a separately taxable estate or interest in land;

(8) the appraised value of personal property;

(9) the kind of any partial exemption the owner is entitled to receive, whether the exemption applies to appraised or assessed value, and, in the case of an exemption authorized by Section 11.23, the amount of the exemption;

(10) the tax year to which the appraisal applies; and

(11) an identification of each taxing unit in which the property is taxable.

(b) A mistake in the name or address of an owner does not affect the validity of the appraisal records, of any appraisal or tax roll based on them, or of the tax imposed. The mistake may be corrected as provided by this code.

## Credits

Acts 1979, 66th Leg., p. 2270, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 157, ch. 13, § 98, eff. Jan. 1, 1982; Acts 1991, 72nd Leg., 2nd C.S., ch. 6, § 41, eff. Sept. 1, 1991; Acts 1999, 76th Leg., ch. 631, § 6, eff. Sept. 1, 1999.

Notes of Decisions (16)

Footnotes

1
    V.T.C.A., Tax Code § 23.41 et seq., § 23.51 et seq., § 23.71 et seq., or § 23.9801 et seq.

V. T. C. A., Tax Code § 25.02, TX TAX § 25.02
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D

Filed: 9/17/2014 9:22:16 AM
Patricia J. Spadachene, District Clerk
Waller County, Texas
By: Adela Lopez, Deputy

## NO. 2012-12-7500

| | | |
|---|---|---|
| ROYAL ISD, WALLER COUNTY | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | 155TH JUDICIAL DISTRICT |
| | )( | |
| DORETHA BYMAN MASON, | )( | |
| JOHNNIE MAE CAMPBELL, | )( | |
| SAWYER LEE BYMAN, JR., AND | )( | |
| JUDGMENTS 2 CA$H, LLC | )( | WALLER COUNTY, TEXAS |

### ASSIGNMENT AND TRANSFER OF JUDGMENT AND CAUSES OF ACTION TO WOODROW W. MILLER PURSUANT TO TEX. PROP. CODE SECTION 12.014

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | |
| | )( | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | )( | |

THAT Judgments 2 Ca$h, LLC transfers and assigns all causes of action and judgments, which it has now and in the future, to Woodrow W. Miller, with respect to the following real property:

> Being an 8.00 Acre tract of land being out of and a part of 25.00 acres situated in the JOHN KELLY LEAGUE, ABSTRACT 40, in Waller County, Texas said 25 acres being more particularly described in Deed recorded in Volume 67, Page 373 of the Deed Records of Waller County, Texas;

> said 8.0 Acres being more particularly described as , 8.0 acres, more or less, Tract 26, John Kelley Survey, A-40, Waller County, Texas, as described in Volume No. 72, Page 44, Deed Records of Waller County, Texas , known as 8241/8243, Buller Road, Waller County, Texas. (Account Nos. R6819 / R6820 / R6821).

Pursuant to Tex. Prop. Code Section 12.014(b), Woodrow W. Miller asks that this instrument be filed with the papers of this suit. Further, pursuant to Section 12.014(c), Assignee asks the court to order the clerk to note and briefly state the substance of this transfer and assignment on the court docket at the place where the suit is entered. Assignee submits that the "substance of the transfer" is that Woodrow W. Miller owns all claims and judgments in this suit which would otherwise belong to Judgments 2 Ca$h, LLC.

This assignment and transfer is effective immediately.

---

Assignment and Transfer of Causes of
Action &Jud. Per Tex Prop Code Sect. 12.014

This assignment and transfer is executed in duplicate and each duplicate is deemed to be an original.

Dated: August 29, 2014

Woodrow W. Miller
President,
Judgments 2 Ca$h, LLC, Assignor
12929 Main
Houston, Texas 77035
Tel: (832) 890-8505
Fax: (713) 721-6383

Dated: August 29, 2014

Woodrow W. Miller, Assignee
Pro se,
12929 Main
Houston, Texas 77035
Tel: (832) 890-8505
Fax: (713) 721-6383

## Acknowledgment

This instrument was acknowledged before me on the 15th day of September, 2014 by Woodrow W. Miller, President of Judgments 2 Ca$h, LLC.

SHERMAN E ANDERSON
My Commission Expires
September 6, 2018

Notary Public In and For
State of Texas

---

Assignee may sue in his own name or Assignor's name

---

In *Texas Machinery and Equipment Company, Inc. v. Gordon Knox Oil and Exploration Company*, 442 S.W.2d 315 (Tex. 1969), the Texas Supreme Court held:

The right of an assignee to continue a suit in the name of its assignor, the assignee not being a necessary party and the presence of the assignor not being required, has been

Assignment and Transfer of Causes of
Action &Jud. Per Tex Prop Code Sect. 12.014

recognized. It was held in *Ferguson-McKinney Dry Goods Co. v. Garrett*, 252 S.W. 738, 741 (Tex.Comm. App.1923):

An assignee can recover either in his own name or in that of the assignor. *Citizens State Bank of Houston v. O'Leary, 140 Tex. 345, 167 S.W.2d 719 (1942)*. See also Thaxton v. *Smith*, 90 Tex. 589, 40 S.W. 14 (1897); *McFadin v. MacGreal, 25 Tex. 73 (1860)* and *Minerva Mercantile Co. v. Cameron Compress Co., 15 S.W.2d 62 (Tex. Civ.App.1929, writ ref.)*. Issuance of the writ of garnishment in the name of Texas Machinery as the judgment creditor conformed to the general rule that processes under a judgment are issued in the name of the party in whose favor the judgment was rendered. See **Garvin v. Hall, 83 Tex. 295, 18 S.W. 731 (1892)**; Cleveland v. Simpson, 77 Tex. 96, 13 S.W. 851 (1890); and **Owens v. Clark, 78 Tex. 547, 15 S.W. 101 (1890)**.

---

Certificate of Service

I certify that on the 15th day of September, 2014 a true and correct copy of the foregoing document was forwarded to:

Attorney for Royal ISD:    Mr. Henry Steen, Jr., LAW OFFICE OF HENRY GATES STEEN, JR. P.C., Steen Building, Suite 306, 3001 N. Lamar Boulevard, Austin, Texas 78705, Tel (512) 476-4688,   **by fax** to (512) 476-0325; and to

Attorney for Waller County:    Ms. Otilia R. Gonzales, PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.;  1235 North Loop West, Suite 600, Houston, Texas 77008, (713) 862-1860; **by fax** to (713) 892-1429; and to

Ad Litem Attorney:    Mr. Charles J. Karish, 816 Wilkins Street, Hempstead, Texas 77445 (979) 826-2478 **by fax** to (979) 826-8681.

---

Assignment and Transfer of Causes of
Action & Jud. Per Tex Prop Code Sect. 12.014

Page 3 | 3

223